## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Jason Gaza

      Plaintiff,                                CIVIL ACTION FILE NO.

v.

Everest Receivable Services Inc.

      Defendant.
_____/

## COMPLAINT

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff's cell phone, by Defendant's automated dialing system and/or predictive dialer. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. 227 et seq.

### II. PARTIES

1. Plaintiff is a natural person residing in Pasco County, Florida.
2. Defendant is a Florida licensed collection agency and Foreign Business Corporation registered Delaware with offices in New York.

### 3. III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331
5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pasco County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.  Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

   (B) to dial such numbers.

   See, 47 U.S.C. 227 (a)(1).

7. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

8. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,  or

   (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an

amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3).

## V. FACTUAL ALLEGATIONS

10. Plaintiff is the subscriber of cell phone number ending in 0889.

11. Plaintiff never gave the Defendant express consent to be called with an ATDS at to Plaintiff's cell number ending in 0889.  In fact, Plaintiff had no business or personal relationship of any kind with Defendant and Defendant's calls to Plaintiff were not of an emergency nature.

12. Defendant called Plaintiff at least 19 times with an ATDS without express consent.  The ATDS nature of the calls were evident by the prerecorded messages, clicks and delays upon associated with the calls.

## VI. TCPA VIOLATIONS

13.  Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

14.  The actions of the Defendant individually and collectively violated the TCPA.

15.  By the Defendant calling the Plaintiff's phone without express consent with an ATDS the Defendant violated the TCPA 47 U.S.C. 227.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)  Statutory damages pursuant to TCPA 47  U.S.C. 227 (b)(3);

(2)  Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3)  Injunctive relief;

(4)  Such other and further relief that the Court deems just and proper.

/s/ W. John Gadd
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com